IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Alanna Valdez as spouse of Phillip Luster, )
deceased, and as parent and guardian of the )
surviving minor children of Phillip Luster, )
deceased, )
    )      Case No.: _____
    Plaintiff, )
    )
vs. )      **COMPLAINT AND JURY DEMAND**
    )
    )
Fanatic's, LLC, Leland Bertsch and Jane Bertsch, )
individually and as members of Fanatic's, LLC, )
and Shawn Gramkow, )
    )
    Defendants. )

**¶1.** **COMES NOW**, Plaintiff, Alanna Valdez, by and through her undersigned attorney, and for her

cause of action against the Defendants states and alleges as follows:

## I. PARTIES, JURISDICTION AND VENUE

**¶2.** Plaintiff, Alanna Valdez, as spouse of Phillip Luster, deceased, and as parent and guardian

of the surviving minor children of Phillip Luster, deceased, is a resident of North Fort Meyers,

Florida.

**¶3.** Defendant Fanatic's, LLC ("Fanatic's") is a North Dakota Limited Liability Company that

owns and operates a commercial on-sale liquor establishment located at 2201 2nd Ave NW Beulah,

North Dakota through which it dispensed intoxicating beverages to the public.

**¶4.** At all times pertinent hereto, Defendants Leland Bertsch and Jane Bertsch ("Bertsch") were

the members of Fanatic's with a residence in either Riverdale, North Dakota or Pick City, North

Dakota.

-1-

¶5.    Defendant Shawn Gramkow ("Gramkow") is a resident of Minot, North Dakota who is currently incarcerated at the North Dakota State Penitentiary.

¶6.    Unless otherwise specified, the use of "Defendants" hereby incorporates all named Defendants in this action.

¶7.    This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C. §1332 because Plaintiff and Defendants have diversity of citizenship and the amount in controversy is greater than $75,000.00.

¶8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## II. FACTUAL BACKGROUND

¶9.    Plaintiff re-alleges, restates, and incorporates by reference all of the above allegations and further states and alleges as follows:

¶10.    Plaintiff is the spouse of Phillip Luster and the mother of his two minor children.

¶11.    On or about March 30, 2023, decedent Phillip Luster was a patron at Fanatic's.

¶12.    At that same time, Gramkow was also a patron of Fanatic's.

¶13.    During the time period that Phillip Luster and Gramkow were in Fanatic's, Gramkow used racial epithets to describe Phillip Luster. Another gentleman that was with Phillip Luster and Gramkow commenced a fight. In an effort to break up the fight, Phillip Luster attempted to subdue Gramkow.

¶14.    Rather than avoiding further conflict, Gramkow pulled a handgun from his waistband and began to fire on the individual that was with Phillip Luster.

¶15.    Gramkow later began to fire at Phillip Luster, discharging several bullets into Phillip Luster's back and head. Gramkow reloaded his handgun and killed Phillip Luster.

¶16.    Gramkow then exited Fanatic's and was later apprehended.

¶17.    Phillip Luster was pronounced deceased on the floor of Fanatic's.

### III. COUNT I - ASSAULT AND BATTERY
*Defendant Shawn Gramkow*

¶18.    Plaintiff re-alleges, restates, and incorporates by reference all of the above allegations and further states and alleges as follows:

¶19.    Gramkow intentionally caused the death of Phillip Luster.

¶20.    As a direct and proximate result of Gramkow's actions, Plaintiff as surviving spouse of Phillip Luster and as parent and guardian of Phillip Luster's minor children has suffered damages as a result of the loss of their spouse and father.

¶21.    As a result of Gramkow's actions, Plaintiff has suffered damages in an amount exceeding $75,000 to be proven at trial.

### IV. COUNT II - LOSS OF CONSORTIUM

¶22.    Plaintiff re-alleges, restates, and incorporates by reference all of the above allegations and further states and alleges as follows:

¶23.    Phillip Luster and Plaintiff are the natural parents of two minor children. As a consequence of the death of Phillip Luster, Plaintiff and the minor children lives have been damaged.

¶24.    Plaintiff and Plaintiff's minor children lost the care, services, and affection of their spouse and father as a direct result of the injuries Phillip Luster suffered due to Gramkow's assault and battery.

¶25.    Plaintiff and Plaintiff's minor children are entitled to recover for their consortium loss in an amount greater than $75,000.00.

### V. COUNT III - VIOLATION OF NORTH DAKOTA
### CENTURY CODE §.§. 5-01-6.1 & 32-03.2-02.1
*Fanatic's LLC* and Leland Bertsch and Jane Bertsch

¶26.    Plaintiff reasserts each and every matter or thing contained in the preceding paragraphs and incorporates them by reference.

¶27.    That at all times material herein, Fanatic's was a limited liability company duly organized and existing under the laws of the State of North Dakota.

¶28.    That at all times material herein Fanatic's and Bertsch were in the business of providing intoxicating liquors to the public for sale.

¶29.    That Fanatic's is located in the City of Beulah, County of Mercer, State of North Dakota, and is licensed to sell alcoholic beverages.

¶30.    That Plaintiff has a claim against Fanatic's and Bertsch pursuant to North Dakota Century Code §§ 5-01-6.1 & 32-03.2-02.1, commonly known as the North Dakota Dram Shop Act.

¶31.    That Fanatic's and Bertsch, by and through its agents, employees, managers and owners, illegally sold intoxicating liquors to Gramkow  while Gramkow was obviously intoxicated, and in violation of North Dakota Century Code §§ 5-01-6.1 & 32-03.2-02.1, thereby causing and/or contributing to Gramkow's intoxication.

¶32.    That on March 30, 2023, at approximately 11:05 p.m., after Fanatic's and Bertsch, by and through its agents, employees, managers and owners illegally caused and/or contributed to Gramkow's intoxication. Gramkow's intoxicated condition caused him to shoot Phillip Luster and commit assault and battery upon Phillip Luster causing his death.

¶33.    That as a direct result of Gramkow's intoxication which was caused and/or contributed to by Fanatic's and Bertsch illegal sale to Gramkow, Plaintiff's decedent, Phillip Luster, died.

¶**34.**    As a result of these actions, Plaintiff and Plaintiff's minor children have suffered damages as described in this Complaint in an amount to be proven at trial, but greater than $75,000.00.

### VI. COUNT IV - PREMISES LIABILITY
*Fanatic's LLC* and Leland Bertsch and Jane Bertsch

¶**35.**    Plaintiff reasserts each and every matter or thing contained in the preceding paragraphs and incorporates them by reference.

¶**36.**    Gramkow and Phillip Luster were able to enter into an altercation at Fanatic's due to its negligence in properly managing its property and providing appropriate security measures. Fanatic's negligence includes, but is not limited to, the following:

   a.    Failed to provide and implement adequate security measures;
   b.    Failed to retain adequate security personnel to guard its patrons, such as Phillip Luster, from intoxicated patrons such as Gramkow;
   c.    Failed to protect Phillip Luster from other patrons;
   d.    Failed to recognized the dangers presented by other altercations on its premises and providing adequate security despite having notice of issues with the premises;
   f.    Failed to recognize that persons entering Fanatic's were not always accepted in the community where Fanatic's operated and failed to provide adequate protection to its patrons.

¶**37.**    As a result of Fanatic's negligence in failing to provide security measures and failure to provide adequate security personnel, Plaintiff sustained the aforementioned injuries and damages.

¶**38.**    Gramkow was intoxicated in Fanatic's prior to shooting Phillip Luster. Fanatic's was aware that Gramkow was intoxicated and failed to provide adequate security and other protections to avoid having Gramkow engage in an altercation and ultimately shoot Phillip Luster.

¶**39.**    As a result of these actions, Plaintiff and Plaintiff's minor children have suffered damages as described in this Complaint in an amount to be proven at trial, but greater than $75,000.00.

## VII. COUNT V -EXEMPLARY DAMAGES

*Fanatic's LLC, Leland Bertsch and Jane Bertsch and Shawn Gramkow*

**¶40.**   Plaintiff reasserts each and every matter or thing contained in the preceding paragraphs and incorporates them by reference.

**¶41.**   Defendants actions were malicious, oppressive, fraudulent, and reckless with respect to the assault and battery committed against Plaintiff's decedent, Phillip Luster. As a result, exemplary damages against Defendants are appropriate.

## DEMAND FOR JURY TRIAL

**¶42.**   Plaintiff, herein demands a trial by jury of the maximum number of jurors  permitted by law.

## VII. PRAYER FOR RELIEF

**¶43.**   **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For economic damages in an amount no less than $75,000.00;
2. For compensation of Plaintiff's non-economic damages in amount no less than $75,000.00 representing Plaintiff's pain, suffering, mental anguish, and emotional distress;
3. For exemplary damages in an amount to be proven at trial;
4. For Plaintiff's costs, attorneys' fees, (if allowed by law or equity), and interest; and
5. For such other relief as the Court deems proper, just, and equitable.

Dated this 18th  day of February, 2025.

LARSON LAW FIRM, P.C.

/s/ Mark V. Larson

**Mark V. Larson (ID #03587)**
ATTORNEY FOR PLAINTIFF
1020 North Broadway
PO Box 2004
Minot, ND 58702
(701) 839-1777
larslaw@srt.com